Edward J. ARMSTEAD, Jr., Petitioner-Appellant,

v.

STATE OF LOUISIANA Thru the LOUISIANA DEPARTMENT OF CORRECTIONS, et al., Respondents-Appellees.

No. 81–3769.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1983.

Professor George M. Strickler, Tulane University Law School, New Orleans, La., for petitioner-appellant.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for respondents-appellees.

Before GEE, REAVLEY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Armstead, a prisoner in the Louisiana State Penitentiary at Angola, sued Sergeant Barnett, his correctional officer in the prison, and the State of Louisiana alleging that Barnett acting with Cennette, another prisoner, "deliberately framed" him by placing a knife in Armstead's laundry bag ultimately causing his confinement in an isolation cell at a disciplinary unit. Armstead's claim, under 42 U.S.C. § 1983, is that Barnett was retaliating for Armstead's having circulated a petition among the prisoners expressing support for another guard who was seeking a promotion that would have ended Barnett's superintendence of the guard and for his having assisted another prisoner in drafting a complaint against Barnett.

The case was tried before a magistrate who at the close of the evidence granted a motion to dismiss, explaining that while he tended toward a finding that the evidence supported Armstead's allegation his sole permissible inquiry was into the procedural fairness of the disciplinary hearing. Armstead appeals this dismissal.[1] Finding that the magistrate took an overly rigid view of the deference due prisoner disciplinary proceedings, we reverse and remand.

There is a tension between the open door policy that secures for prisoners direct access to federal court to protect their constitutional rights and the principle that federal courts ought to refrain from immediate involvement in matters of prisoners' discipline and grievance processes. Plainly put, we wish to keep the court open but not as a prisoner grievance board. And, we hasten to add more is at issue than case load. We are concerned with federalism, with institutional competence and—not least—with a trivialization of valued rights which can, in our view, be as destructive as ignoring them altogether. Our question is what deference we pay to the prison disciplinary decision given this complex interplay of the background concerns.

█ In facing the question of the deference due findings of a prison's disciplinary process it is important to distinguish questions of the standard of review and issue preclusion from the question of whether a claim was proved. As we see it the controlling question before the magistrate was whether Armstead made out a claim of constitutional dimension. The precise identification of such a proved constitutional deprivation and whether any effect is to be given to the prison proceeding are somewhat overlapping inquiries. If Louisiana furnished a procedurally adequate process, it deprived Armstead of no constitutional right in reducing his liberty because the constitutional right is to be free of such punishment without process. It follows that if a prisoner's claim is the liberty loss

1. The magistrate dismissed the state as a defendant at the outset of the trial. No appeal from that ruling is before us.

**362**

incident to discipline the sole inquiry is the sufficiency of the process due. Moreover, identification of the precise claim and its procedural components may trigger the range of issues raised by *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); and *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), including the adequacy of state procedures, before and after a taking and whether a claim of constitutional deprivation is stated for non-systemic episodic and unauthorized acts of a state employee.

We return this case to the magistrate, declining for now to explore these difficult questions without the benefit of findings of fact. Nor do we suggest our view of the merits of Armstead's claim including his assertion of First Amendment claims. The magistrate will decide the case on its merits either on the record made or in his discretion with additional evidence. After finding the facts, he will identify precisely any found constitutional deprivation and then decide what effect if any he will give to the prison disciplinary proceedings.

REVERSED and REMANDED.